Rick A. Steinberg, Esq. (RS-7396)
**PRICE MEESE SHULMAN & D'ARMINIO, P.C.**
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel: (201) 391-3737
Fax: (201) 391-9360
RSteinberg@pricemeese.com

Attorneys for Plaintiff,
Mediterranean Shipping Company (USA) Inc. as agent for
MSC Mediterranean Shipping Company S.A.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MEDITERRANEAN SHIPPING COMPANY (USA) INC.** as agent for **MSC MEDITERRANEAN SHIPPING COMPANY S.A.,** <br><br> Plaintiff, <br><br> v. <br><br> **EL AVENTURERO IMPORTING AND EXPORTING INC.,** <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT IN ADMIRALTY** |

Plaintiff, Mediterranean Shipping Company (USA) Inc. as agent for MSC Mediterranean Shipping Company S.A. ("Plaintiff"), through its Counsel, Price Meese Shulman & D'Arminio, P.C., by way of Complaint against Defendant, El Aventurero Importing and Exporting Inc. ("Defendant"), states as follows:

**PARTIES**

1. Plaintiff is a New York corporation with its principal place of business at 420 Fifth Avenue, 8th Floor, New York, New York 10018. Plaintiff is the agent in the United States

1

for Mediterranean Shipping Company S.A. ("MSC"), a foreign company with its principal place of business at 12-14, Chemin Rieu, CH-1208, Geneva, Switzerland.

2. Upon information and belief, Defendant is a New Jersey limited liability company with its principal place of business at 63 Prospect Place, Belleville, New Jersey 07109.

**JURISDICTION**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333. This matter arises under the laws of the United States, in particular, The Shipping Act of 1984 (as amended), 46 U.S.C. § 40101 et seq. (hereinafter "the Shipping Act"), and involves contracts within the jurisdiction of this Court or claims pendent or ancillary to the same. This is an admiralty and maritime claim. Alternatively, this Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332, because the Plaintiff and Defendant are residents and domiciliaries of different states and the amount in controversy exceeds $75,000.00.

**COUNT I**
**(For Money due Under Tariff and/or Service Contracts)**

4. MSC is a common carrier by water, *inter alia*, in the foreign commerce of the United States as defined in the Shipping Act, and acted as such a common carrier for the benefit of Defendant.

5. Defendant is and was at all times herein mentioned a limited liability company or other business organization and is and was a legal entity capable of being sued.

6. Venue is proper in this judicial district because Defendant has its principal place of business in this district.

7. MSC has filed a schedule of its rates, rules, charges, service contracts, and/or other terms applicable to its carriage of cargo, including detention and demurrage, with the Federal Maritime Commission, or has otherwise maintained said rates, charges, tariffs or service contracts

pursuant to the Shipping Act. Pursuant to the Shipping Act, MSC is prohibited from transporting cargo for rates and/or charges other than the applicable rates or charges specified in its tariffs or service contracts. The Shipping Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

8. MSC transported cargo for the benefit of Defendant during 2018-2019 in the foreign commerce of the United States in the course and scope of Defendant's operations. The relevant transportation services provided by MSC for the benefit of Defendant, as well as the applicable rates, charges, and terms are evidenced by MSC's bills of lading and/or freight bills, and invoices, the terms of which are incorporated herein through reference. MSC has fully performed its obligations under the relevant tariff(s) and contract(s) of carriage. A copy of an Invoice rendered by Plaintiff to Defendant showing the amount due from Defendant to Plaintiff as of February 1, 2021 was $151,590.00 plus costs and reasonable attorney's fees is attached hereto as Exhibit "A."

9. Plaintiff has demanded that Defendant pay the full amount due of $151,590.00.

10. Defendant has knowingly and willfully failed and refused to pay Plaintiff the full amount due.

11. Consequently, Defendant is liable to Plaintiff in the amount of $151,590.00, plus costs, reasonable attorney fees and interest thereon.

## COUNT II
**(Breach of Contract)**

12. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. Said transportation was performed pursuant to written contract(s) of carriage between MSC and Defendant, as evidenced by said bill(s) of lading and/or invoice(s) attached as Exhibits "A" and "B."

14. MSC has fully performed its obligations under said contracts.

15. Plaintiff has demanded that Defendant pay the amount due under said contracts and Defendant has refused to pay thereon.

16. Consequently, Defendant is liable to Plaintiff in the amount of $151,590.00, plus costs, reasonable attorney fees and interest thereon.

## THIRD COUNT
### (Unjust Enrichment)

17. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. Defendant has been unjustly enriched by failing to pay the ocean freight, demurrage and/or detention charges in an amount not less than $151,590.00.

## FOURTH COUNT
### (Quantum Meruit)

19. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. The fair value of the ocean cargo carriage and/or detention and/or demurrage services provided by MSC to Defendant is not less than $151,590.00.

## FIFTH COUNT
### (Account Stated)

21. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. Plaintiff issued the subject bills of lading which identify Defendant as the shipper

or consignee responsible for payment of all Freight, as stated in MSC's bill of lading terms and conditions as evidenced by said bill(s) of lading and/or invoice(s) attached as Exhibits "A" and "B."

23. Based on the account stated, Plaintiff has been damaged in an amount not less than $151,590.00.

## **SIXTH COUNT**
**(Attorney Fees)**

24. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Based on the contract of carriage, Defendant is liable to Plaintiff for reasonable attorney fees and expenses incurred in collecting any sums due to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant on the Complaint for damages in an amount not less than $151,590.00, plus reasonable attorney's fees, interest, court costs, and any other relief that the court deems just and equitable.

                PRICE MEESE SHULMAN & D'ARMINIO, P.C.
                Attorneys for Plaintiff,
                Mediterranean Shipping Company (USA) Inc. as agent for
                MSC Mediterranean Shipping Company S.A.

By:   /s/ Rick A. Steinberg
       Rick A. Steinberg

Dated: May 23, 2022

**CERTIFICATION PURSUANT TO DNJ LOCAL CIVIL RULE 11.2**

I certify that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding now or contemplated, and that no other parties should be joined in this action. There is a related case pending in this Court titled Mediterranean Shipping Company (USA) Inc. v. Importaciones Martinez LLC a/k/a Importaciones Serranitos LLC, Case No. 22-2971.

By: /s/ Rick A. Steinberg
Rick A. Steinberg

Dated: May 23, 2022