# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDITERRANEAN SHIPPING COMPANY (USA) INC. as agent for MSC MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Plaintiff, <br><br> v. <br><br> EL AVENTURERO IMPORTING AND EXPORTING INC., <br><br> Defendant. | Civil Action No. 22-02977 (JXN) (JSA) <br><br> **ORDER AND JUDGMENT** |

**NEALS**, District Judge

**THIS MATTER** having been opened to the Court by Rick A. Steinberg, Esq., counsel for Plaintiff Mediterranean Shipping Company (USA) Inc. as agent for MSC Mediterranean Shipping Company S.A. ("Plaintiff" or "MSC") on a Motion for Default Judgement against Defendant El Avenurero Importing and Exporting Inc. ("Defendant"); pursuant to Federal Rule of Civil Procedure 55. (ECF No. 6.)

Plaintiff filed this admiralty and maritime action against Defendants on May 23, 2022. (ECF No.1.) Defendant has failed to answer or appear in this action in any manner. Default was entered by the Clerk of the Court against Defendant on July 8, 2022, for Defendant's failure to defend this action. On July 18, 2022, Plaintiff moved for default judgment. (ECF No. 6.) Plaintiff provided Defendant with written notice of its motion for default judgment (ECF No. 6-7); and Defendant has failed to oppose or otherwise respond to this motion. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1333. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court has reviewed Plaintiff's submissions in connection with its motion and decides this matter

without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated herein, the Court makes the following findings:

(1) In order to obtain a default judgment pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id*. Entry of default judgment where damages are not a "sum certain" requires an application to the court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x. 189, 190 (3d Cir. 2017)

(2) The Court finds that all factors weigh in favor of granting default judgment against Defendant. First, Plaintiff has been prejudiced because Defendant failed to timely respond to the Complaint and Summons. *See Peterson v. Boyarsky Corp.*, No. 08-1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [defendant]."). Second, the facts alleged in the Complaint provide no indication of a meritorious defense. "Indeed, as some courts have noted, the [d]efendant's failure to answer makes it practically impossible for the Court 'to determine whether [the defendant has] a meritorious defense….'" *GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539 FLW, 2010 WL 3271726, at *4 (D.N.J. Aug. 17,

2010) (citation omitted). Third, a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 08–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted). Here, since Defendant has not timely responded to any of the pleadings over the course of the litigation, the presumption of culpability applies. *See Manin v. Gallagher*, No. 11-1261, 2012 WL 814367, at *3 (D.N.J. Mar. 9, 2012).

(3) Based on the allegations contained in the Complaint, which this Court takes as true for the purposes of this motion, Plaintiff has adequately alleged, among other claims, that MSC transported cargo for the benefit of Defendant during 2018-2019 in the foreign commerce of the United States in the course and scope of Defendant's operations. (ECF No. 1, Complaint ("Compl.") ¶ 8.) The relevant transportation services provided by MSC for the benefit of Defendant, as well as the applicable rates, charges, and terms are evidenced by MSC's bills of lading and/or freight bills, and invoices. (*Id.*; *see also* ECF No. 1-1, Ex A, and ECF No. 1-2, Ex B.) MSC performed its obligations under the relevant tariff(s) and contract(s) of carriage. (*Id.*) Plaintiff submitted an invoice to Defendant showing the amount due from Defendant to Plaintiff as of February 1, 2021 was $151,590.00 plus costs and reasonable attorney's fees. (*Id.*; s*ee also* ECF No. 1-1, Ex A.) Plaintiff has demanded that Defendant pay the full amount due of $151,590.00 (Compl. ¶ 9) and Defendant has failed to pay Plaintiff the full amount due (*id*. ¶ 10). Accordingly, Plaintiff has adequately alleged that Defendant is liable to Plaintiff in the amount $151,590.00 plus costs and reasonable attorney's fees.

(4) Moreover, Plaintiff seeks a sum certain in the amount. As damages, Plaintiff seeks to

recover the liquidated amount of $151,590.00 plus costs and disbursements of this action in the amount of $502.00, comprised of the filing fee of $402.00 plus service of process fees of $100.00, for a total of $152,092.00. (*See* ECF No. 6-1, Affidavit Neil Ross ¶¶ 9-11; ECF No. 6-5, Certification of Costs Rick A. Steinberg ¶¶ 3-5.) These sum-certain totals are supported by an affidavit from Neil Ross, Plaintiff's representative in support of the motion for default explaining the contractual relationship between the parties, and proffering evidence, including the bills of landing and invoices from Unified. (*See generally* Ross Aff.)

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this __27__ day of March, 2023,

**ORDERED** that Plaintiff Mediterranean Shipping Company (USA) Inc. as agent for MSC Mediterranean Shipping Company S.A.'s Motion for Default Judgement (ECF No. 6) against Defendant El Avenurero Importing and Exporting Inc. is **GRANTED**; it is further

**ORDERED** that default judgment is entered against Defendant El Avenurero Importing and Exporting Inc; it is further

**ORDERED AND ADJUDGED** that Defendant El Avenurero Importing and Exporting Inc. shall pay damages in the amount of $152,092.00, which consists of $151,590.00 in liquidated damages and $502.00 for costs; and it is further

**ORDERED** that this case is **CLOSED**.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

4